IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHIE H. CONNER,                          )
                                           )
       Plaintiff,                          )
                                           )
       v.                                  )      1:12CV92
                                           )
MARK J. DUNCAN,                            )
TRIAL AND ERRORS, INC., and                )
WESTERN FINANCIAL SERVICES, INC.,          )
                                           )
       Defendants.                         )

MEMORANDUM OPINION, ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This civil action for fraud comes before the Court on Defendants' Motion to Dismiss [Doc. #43] pursuant to Federal Rule of Civil Procedure 12(b)(1), Plaintiff's Motion for Partial Summary Judgment [Doc. #50], and Plaintiff's Motion for Entry of Default [Doc. #53]. For the reasons set out below, the Court recommends that Western Financial Services, Inc. be dropped as a party, and that Plaintiff's claims for mail fraud, wire fraud, and unauthorized practice of law under 28 U.S.C. § 1654 be dismissed, but that Defendants' Motion to Dismiss otherwise be denied. The Court further recommends that Plaintiff's Motion for Partial Summary Judgment and Motion for Entry of Default be denied. Finally, the Court will extend the discovery period in this case through May 29, 2015, and will direct that this matter be set on a trial calendar.

I.     FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff Conner, proceeding *pro se*, alleges in his Amended Complaint that he is a Virginia resident but presently incarcerated in Pennsylvania due to a federal criminal conviction. (Am. Compl. [Doc. #28] ¶ 8.) He alleges that Defendant Duncan held himself out as a licensed attorney specializing in post-conviction matters when, in fact, Defendant Duncan was not a licensed attorney. Plaintiff alleges that Defendant Duncan operated through two business, Trial and Errors Inc. and Western Financial Services, Inc., and that the Defendants collectively defrauded Plaintiff in connection with court filings and other communications made on his behalf from 2009 until 2011. Plaintiff alleges that he caused approximately $16,400 to be transferred to Defendants in payment for fraudulent "legal services."

Plaintiff raises the following claims in his Amended Complaint: Count 1, common law fraud; Count 2, mail fraud; Count 3, wire fraud; Count 4, engaging in the practice of law under N.C. Gen. Stat. § 84-2.1; Count 5, engaging in the unauthorized practice of law under N.C. Gen. Stat. § 84-4; Count 6, unauthorized practice of law under 28 U.S.C. § 1654; Count 7, unjust enrichment; and Count 8, ghostwriting.

Plaintiff alleges that Defendant Duncan is a citizen of North Carolina, that Defendant Trial and Errors, Inc. is an entity located at the same address as Defendant Duncan and is solely controlled by him, and that Defendant Western Financial Services, Inc. is also located at the same address as Defendant Duncan and solely controlled by him. Plaintiff claims that this Court may exercise jurisdiction through either diversity jurisdiction or federal question jurisdiction pursuant to the federal statutes he alleges Defendants have violated.

According to Plaintiff, in January 2008 Defendant Duncan revived a scheme he had previously engaged in to obtain money from individuals for legal services by making numerous misrepresentations. Defendant Duncan focused on state and federal inmates by sending business cards and flyers to prisons and using the internet-linked, prison email system as well as the United States mail. Plaintiff contends that Defendant Duncan misrepresented that he held a J.D. degree or was an attorney and that he was an expert or specialist in post-conviction relief.

Plaintiff was convicted and sentenced to 130 months in prison in May 2008. In July 2008, Plaintiff was housed in Ohio and talked to another prisoner about obtaining counsel to assist in post-conviction matters. Plaintiff decided to retain Defendants and instructed his common-law wife, Ms. Montgomery, to make the arrangements. She contacted Defendant Duncan and conveyed Plaintiff's intention of retaining Defendants in connection with the filing of a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. Defendant Duncan allegedly quoted a retainer fee in the amount of $2000.00. Thereafter, Ms. Montgomery transferred cash to accounts specified by Defendant Duncan. Beginning in October 2009 and ending in May 2011, Ms. Montgomery made approximately 13 deposits to these accounts totaling $16,400.00. (Am. Compl. [Doc. #28] at 7-10.)

Plaintiff states that Defendants prepared and in some cases filed various legal documents on his behalf. These documents included a section 2255 motion, an appeal of the denial of that motion, a petition for writ of certiorari from the denial of the appeal of that motion, two civil rights complaints pursuant to 42 U.S.C. § 1983 (2012), an appeal and petition for writ of

certiorari from the denial of section 1983 relief, as well as various correspondence with the Bureau of Alcohol, Tobacco, and Firearms and the Federal Bureau of Prisons. (Id. at 11-12.)

Plaintiff alleges that Defendant Duncan lacks any formal training in the law. Plaintiff also claims that Defendant Duncan signed Plaintiff's signature to numerous court filings without Plaintiff's consent. Plaintiff says that Defendants have victimized many inmates throughout the United States by use of this scheme. One such inmate, William C. Davis, has filed a very similar Complaint against Defendant Duncan and Defendant Trial and Errors, Inc. in this Court [No. 1:12CV262]. These two actions have been consolidated for purposes of discovery and pretrial matters only.

Plaintiff alleges that Defendant Duncan pleaded guilty to multiple counts of mail fraud in 1997. He began his supervised release in 2002, but was sentenced again in 2005 upon a supervised release violation to 11 months in prison. Defendant Duncan completed his lengthened term of supervised release in 2008, according to Plaintiff.

Defendant Duncan concedes in his Answer that he was convicted of mail and wire fraud. He contends that he obtained a J.D. degree from Cambridge State University in 2009. He states that he opened Trial & Errors, Inc. in 2005 to assist inmates in filing suits to attack their convictions. The Virginia State Bar advised him that he could not practice law while he was still in law school. Thereafter, Defendant Duncan moved to North Carolina. Defendant Duncan admits that he assisted pro se federal inmates, but claims that they knew he was "non-licensed counsel" and about his prior conviction. (Answer [Doc. #39] at 3.)

In an earlier Order [Doc. #65], the Court resolved several pending motions and discussed Defendants' Motion to Dismiss. The Court found that Plaintiff has not alleged any basis for federal question jurisdiction. He has alleged potential state law claims for fraud and unjust enrichment. However, federal jurisdiction for those claims must be based upon diversity jurisdiction. The Court noted that Defendant Duncan had made inconsistent statements regarding the status of Defendant Western Financial Services, Inc. ("Defendant Western"), which affected its citizenship for diversity purposes. Therefore, the Court ordered Defendant Duncan to submit to the Court documents showing whether Defendant Western was incorporated and if so, the state in which it was incorporated.

Defendant Duncan filed a response to the Court's Order, but failed to submit any documents that shed light on the citizenship of Defendant Western. Defendant Duncan states in his response that Defendant Western was incorporated as a "Sub Chapter S Corporation in Richmond Virginia around September of 2007." (Response [Doc. #66] at 2.) He also says that it "became insolvent around 2007," and that the "State Corporation Commission had ordered the Corporation as invalid and non-existent." (Id.) Plaintiff responded to Defendant Duncan's submission [Doc. #67] arguing that Defendant Western was likely in existence well before 2007, but that the records of the Virginia State Corporation Commission show that Defendant Western became inactive and its information "purged" in 2002. Plaintiff concludes that Defendant Western "has been inactive for over a decade."

II. DISCUSSION

    A. Motion to Dismiss for Lack of Jurisdiction

An noted in this Court's earlier Order, Plaintiff relies upon several federal statutes for his assertion that this Court may exercise federal question jurisdiction in this action. However, none of the statutes relied upon confer jurisdiction. Plaintiff cites two federal criminal statutes, 18 U.S.C. § 1341 (2012) (mail fraud) and 18 U.S.C. § 1343 (2012) (wire fraud). No private right of action exists under these statutes. El-Bey v. City of Thomasville, No. 1:11CV413, 2012 WL 1077896 (M.D.N.C. Mar. 30, 2012) (recommending dismissal of the plaintiff's claims based upon alleged violation of the United States Criminal Code); Thomas v. Barber, No. 1:03CV1139, 2004 WL 602775 (M.D.N.C. Mar. 4, 2004) (dismissing mail fraud claim because it does not state a federal civil cause of action); Bradford v. McClellan, No. 3:97CV355, 1997 WL 882907 (W.D.N.C. Nov. 18, 1997) (no private right of action exists under the federal mail fraud statute); see Baker v. Data Dynamics, Inc., 561 F. Supp. 1161, 1166 (W.D.N.C. 1983) (no private right of action exists under federal mail fraud or wire fraud statute). Plaintiff also relies upon 28 U.S.C. § 1654. Section 1654 states that persons in federal courts may conduct their own cases personally or by counsel. There is no indication that this statute creates a private right of action of any kind. Therefore, this statute also does not state a valid claim for relief. Because none of these statutes state a valid claim for relief, they do not provide a basis for federal jurisdiction. See Norman v. Campbell, No. 03-2540, 2003 WL 23018570 (7th Cir. Dec. 19, 2003). Furthermore, to the extent Plaintiff asserts these statutory provisions as separate claims, those

claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Having concluded that there is no basis for federal question jurisdiction in this case, diversity jurisdiction is therefore the only possible basis for federal jurisdiction in this action. In order to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), no plaintiff can be a citizen of the same state as any defendant. Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 388 (1998). Pursuant to Section 1332(c)(1), a "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

Plaintiff states in his Amended Complaint that he is a "resident of the Commonwealth of Virginia" but is now incarcerated in federal prison in Pennsylvania. A person is a citizen of the state in which he is domiciled. Brooks v. Shope, No. 3:09CV334, 2011 WL 124724 (W.D.N.C. Jan. 14, 2011). Under the prisoner domicile rule, courts generally look to a prisoner's domicile prior to incarceration to determine citizenship for diversity purposes. Id. Plaintiff is therefore considered a citizen of Virginia.

As stated above, the record shows that Defendant Duncan asserts and Plaintiff does not dispute that Defendant Western was, at one time, incorporated in Virginia. However, it is undisputed that Defendant Western was an inactive corporation at the time this action was filed in 2012. Even more importantly, it appears undisputed that Defendant Western had ceased to exist before 2007. Plaintiff Conner's allegations in this case relate to the time period from 2008 until 2011, and Plaintiff Conner has not asserted any claims against Defendant Western as a

separate corporate entity. To the extent Defendant Duncan may have continued to use the name Western Financial Services in any dealings with Plaintiff, Defendant Duncan has taken the position that he did so as a sole proprietor, for which he would remain individually liable [Doc. #44]. Plaintiff similarly now contends that because Defendant Western "has not been a valid corporation for over a decade," the Court should classify Defendant Western as a sole proprietorship. Because there are no potential claims asserted against Defendant Western as a corporate entity, the Court recommends that Defendant Western Financial Services, Inc. be dropped as a party pursuant to Federal Rule of Civil Procedure 21, which provides that "[o]n motion for on its own, the court may at any time, on just terms, add or drop a party."[1] Defendant Duncan remains liable for all claims asserted against him individually or as sole proprietor.

In light of this determination, complete diversity would exist in this case as to the state law claims asserted by Plaintiff against Defendant Duncan and his sole proprietorships.[2] Therefore, the Court will recommend that Defendant Duncan's Motion to Dismiss for Lack of Jurisdiction be denied.[3] To the extent that Plaintiff has filed a Motion for Entry of Default against Western Financial Services, Inc., the Court notes that this motion is moot in light of the

---

[1] Because there are no claims asserted against Western Financial Services, Inc. as a corporate entity, its presence in this suit is not required by Federal Rule of Civil Procedure 19, and it may be dropped as a party pursuant to Federal Rule of Civil Procedure 21. See Call Center Technologies, Inc. v. Grand Adventures Tour & Travel Pub. Corp., 635 F.3d 48 (2nd Cir. 2011).

[2] Defendants raise no contention regarding the amount in controversy, and the Complaint seeks recovery in an amount over $75,000.

[3] Defendants have not set out any basis for dismissal of Plaintiff's state law claims, other than for lack of jurisdiction.

Court's recommendation. To the extent claims are asserted against Defendant Duncan and his sole proprietorships, for which Defendant Duncan is individually liable, Defendant Duncan has answered. Therefore, the Court will recommend that the Motion for Entry of Default be denied as moot.

      B.      Plaintiff's Motion for Summary Judgment

Plaintiff moves to have summary judgment granted in his favor on his state law fraud claim. Summary judgment is appropriate only when no genuine issue of material fact exists. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). A genuine issue of fact exists if the evidence presented could lead a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Here, Plaintiff does not address the elements of a fraud claim under North Carolina law. He argues, in essence, that summary judgment is properly granted because Defendants have engaged in the unauthorized practice of law. (Pl.'s Mem. [Doc. #51].) However, that is not the same question as whether Defendants have defrauded Plaintiff. Under North Carolina law, in order to prove fraud Plaintiff must show (1) a false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with the intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party. Ragsdale v. Kennedy, 209 S.E.2d 494, 500 (N.C. 1974). In this case, it appears that there is a genuine issue with respect to which representations were materially false, whether Defendant Duncan had the intent to deceive, whether Plaintiff was in fact deceived, whether Plaintiff could have justifiably relied on the representations to believe that Defendant Duncan was a licensed attorney, and whether Plaintiff can produce evidence that he

was damaged as a result of Defendants' misrepresentations.[4]  Plaintiff's Motion for Summary Judgment should therefore be denied.

    C.    Status and Scheduling

Having so concluded, the Court notes that discovery should be extended for sixty (60) days.  Therefore, discovery in this case is extended to May 29, 2015.  The Court will direct the Clerk to set this matter on a trial calendar based on that close of discovery deadline.

III.    CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Western Financial Services, Inc. be dropped as a party, that Plaintiff's claims for mail fraud (count 2), wire fraud (count 3), and unauthorized practice of law under 28 U.S.C. § 1654 (count 6) be dismissed, but that Defendants' Motion to Dismiss [Doc. #43] otherwise be denied.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Entry of Default [Doc. #53] be denied.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Partial Summary Judgment [Doc. #50] be denied.

IT IS ORDERED that discovery is extended to May 29, 2015, and the Clerk is directed to set this matter on a trial calendar based on that deadline for the close of discovery.

This, the 31st day of March, 2015.

                                      /s/ Joi Elizabeth Peake
                                      United States Magistrate Judge

---

[4] Plaintiff also cites to other state and federal statutes, but those statutory provisions do not include an independent private cause of action.